## APPLEGATE v. WINEBRENNER ET AL.

1. **Intoxicating Liquors:** WRONGFUL SALE TO HUSBAND: ACTION BY WIFE FOR DAMAGES: EVIDENCE. Plaintiff's action was based upon the wrongful sale to her husband of intoxicating liquors during six months previous to the action, whereby she was injured in her person, property and means of support. *Held* that evidence of personal injuries inflicted upon her by her husband, as the result of his intoxication, more than six months prior to the beginning of the action was irrelevant to the issue.

2. ———: ———: ———: ———: INDICTMENTS AGAINST ONE DEFENDANT. In such action, where the owner of the saloon property was joined as defendant for the purpose of making the judgment to be obtained a lien on the property, *held* that former indictments against the principal defendant for the unlawful sales of intoxicating liquors, not shown, however, to have been made to plaintiff's husband, were not competent as evidence for the purpose of charging the owner of the property with knowledge of the wrongful sales in the premises.

*Appeal from Marshall Circuit Court.*

THURSDAY, OCTOBER 22.

THE plaintiff is the wife of Philip Applegate, and she alleges in her petition that the defendant Winebrenner is the keeper of a saloon, in which he sells intoxicating liquors, and that, at various times within six months next before the commencement of the suit, said Winebrenner wrongfully and illegally sold to plaintiff's said husband, at said saloon, intoxicating liquors when he was sober, causing his intoxication; and sold intoxicating liquors to him when he was drunk, and

thereby contributed to his drunkenness; and that plaintiff has thereby been injured in her person, property and means of support.

She further averred that the defendant Sharp is the owner of the building and ground where said saloon was kept, and that he had notice of the wrongs complained of, and notice that Winebrenner was selling intoxicating liquors at said saloon in violation of law. Judgment was demanded against Winebrenner, and it was prayed that such judgment be made a lien upon the saloon property. The answer of the defendants' was a general denial. There was a trial by jury, which resulted in a verdict for the plaintiff, and a finding that the defendant Sharp knew and consented to the sales complained of. A judgment was entered upon the verdict, and the same was established as a lien upon the property of Sharp. Defendants appeal.

*Parker & Childs*, for appellants.

*Caswell & Meeker*, for appellee.

ROTHROCK, J.—I. The appellee filed an additional abstract, the correctness of which is denied by the appellants. This would ordinarily compel us to resort to the transcript to settle the conflict in the abstracts. This course is not necessary, however, in this case. There is enough in the record as made by the abstracts, and about which there is no dispute, to dispose of the appeal. The action was commenced in September, 1884, and the plaintiff alleged that Winebrenner sold her husband intoxicating liquors for a period of six months previous thereto, and that the liquors so sold caused or contributed to his intoxication. The plaintiff was examined as a witness in her own behalf, and she was permitted to testify, against the plaintiff's objection, that in September, 1883, her husband went to Marshalltown, and came home at 4 o'clock

*(margin note: 1. INTOXICATING liquors: wrongful sale to husband: action by wife for damages: evidence.)*

Applegate v. Winebrenner et al.

in the morning, and unjustly accused her of wrongful acts, and, while eating breakfast, a dispute arose, and he assaulted her, took her by the arms, choked her, threw her down and kicked her, so that she was "black and blue" as large as her hand for nearly two weeks. The witness did not state that her husband was intoxicated when he committed this outrageous assault upon her. A witness who was present when the assault was made corroborated the plaintiff as to the assault, and stated that Applegate, her husband, "had just been on a drunk, and was nervous and cross."

This evidence was probably sufficient to justify the jury in finding that the personal abuse of the plaintiff was fairly attributable to the intoxication of her husband, and, if proper evidence in the case, it would add very materially to the plaintiff's damages. But we are very clearly of the opinion that the evidence was improper. If the assault was the result of intoxication, there is no evidence whatever that the intoxication was produced or contributed to by liquors obtained at the defendant's saloon. Another reason why the evidence should have been excluded is that the assault was committed long before the defendant wrongfully sold liquors to the plaintiff's husband, as shown by the allegations of her petition.

II. The plaintiff was permitted to introduce in evidence, over defendant's objection, certain indictments against the defendant Winebrenner, and the record of convictions thereon. This was manifestly erroneous. It was not even shown in connection with this evidence that the indictments were founded upon unlawful sales made to plaintiff's husband. We do not understand that counsel for appellee claim that this was competent evidence against Winebrenner, but they claim that the court allowed the evidence to go to the jury as tending to show that the defendant Sharp had notice that Winebrenner was using Sharp's property as a place for unlawfully selling liquor. We cannot see upon what principle the evidence in

2. *Indictments against one defendant.*

question can be held as competent as to one defendant and not as to the other.

III. There are many other errors assigned and argued. As the case must be reversed for those above discussed, and as the record is in such condition that a resort to the transcript would be necessary to determine some of the questions made, we will go no further in the case. It is proper to observe that we think the court was correct in refusing to submit to the jury some of the special interrogatories asked to be submitted by the defendants. Others of them presented questions pertinent to the case, and were not objectionable in form, and ought to have been submitted.

REVERSED.